IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THROSSIA HORTON                                                    PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:13CV186-CWR-LRA

HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY BOARD OF SUPERVISORS,
RICHARD BYRD, RICK VAN EGMUND, and
JOHN DOES 1-5                                                     DEFENDANTS

## SECOND AMENDED COMPLAINT
(JURY TRIAL REQUESTED)

Throssia Horton files this Second Amended Complaint against Hinds County, Mississippi, Hinds County Board of Supervisors, Richard Byrd, Rick Van Egmund, and John Does 1-5. In support of same, Throssia Horton states as follows:

### INTRODUCTION

This action seeks recovery under, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983 ("Section 1983") to correct unlawful employment practices on the basis of gender and to provide relief to Throssia Horton who was injured by such practices. Plaintiff, Horton, alleges that the Defendants reduced her wages because of her gender in violation of Title VII of the Civil Rights Act of 1964. In addition, Plaintiff Horton alleges that Defendants violated the Equal Pay Act by reducing her wages contrary to male counterparts whose wages were not reduced when they were reassigned to a different position. Also, these Defendants defamed Plaintiff Horton's character and violated HIPAA laws by making a false statement to the Utica Police Department and forwarding Plaintiff's Horton's medical records to the Utica Police Department without her consent both of which led to her termination from the

Utica Police Department. These practices and violations were done by the Defendants under color of law in violation of 42 U.S.C. § 1983.

The Plaintiff further requests that this Honorable Court allow a jury to consider an award of punitive damages for the purpose of punishing the Defendants for the wrongful conduct described herein and to deter others similarly situated from engaging in similar conduct in the future. The Plaintiff reserves the right to assert other causes of action at such time as they become apparent through the course of discovery.

<u>PARTIES</u>

1.

Throssia Horton ("Deputy Horton") is an adult resident citizen of Hinds County, Mississippi. Her address is 3129 South Norrell Road, Bolton, Mississippi 39041.

2.

Hinds County, Mississippi may be served with process through Eddie Jean Carr, Chancery Clerk and Clerk of the Hinds County Board of Supervisors, 316 South President Street, Jackson, Mississippi 39201.

3.

Hinds County Board of Supervisors ("The Board") is a political subdivision of Hinds County, Mississippi. As a political subdivision of Hinds County, Mississippi, the Board may be served with process through Eddie Jean Carr, Clerk of the Hinds County Board of Supervisors, 316 South President Street, Jackson, Mississippi 39201.

4.

Richard Byrd, an employee of the Hinds County Sheriff's Department, is an adult resident citizen of Hinds County, Mississippi. He may be served with process at 1450 County Farm Road, Raymond, Mississippi 39154.

5.

Rick Van Egmund is an adult resident citizen of Hinds County, Mississippi. He may be served with process at 214 East Madison Street, Bolton, Mississippi 39041.

6.

John Does 1-5 are unknown individuals, corporations, partnerships or other entities that may be liable for all or part of the conduct giving rise to this suit.

JURISDICTION AND VENUE

7.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 as this matter arises under the Constitution, statutes and laws of the United States. Specifically, this action is brought pursuant to Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and 42 U.S.C. §§ 1981 and 1983.

8.

Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 as the conduct occurred in Hinds County, Mississippi. Thus, the events, acts, failure to act, or omissions causing injury occurred in this federal district and division.

## FACTUAL ALLEGATIONS

9.

On or about September 21, 2011, Deputy Horton was struck by a car driven by Sharon Kelly while Deputy Horton was on duty at Bolton/Edwards Middle School.

10.

On October 1, 2011, Deputy Horton was removed from duty as the school resource officer at Bolton/Edwards Middle School after being falsely accused of fighting with Sharon Kelly. Deputy Horton was re-assigned to a jailer position at the Hinds County Detention Center. Thereafter, Deputy Horton was instructed to surrender her issued equipment to Col. Edd Swinney.

11.

At the time of the above accident, Deputy Horton was also employed with the Utica Police Department.

12.

On or around October 19, 2011, Deputy Horton's employment with Utica Police Department ("Utica PD") was terminated. Upon inquiring into the reason for her termination when she had no write-ups or other problems with Utica PD, Deputy Horton was informed that Sgt. Richard Byrd met with Utica Police Chief Tim Myles and that Sgt. Byrd told Chief Myles that Deputy Horton had been fighting with Sharon Kelly while on duty. Deputy Horton was also informed that her medical records had been faxed to the Utica PD by Rick Van Egmund without her consent, knowledge or authorization.

00005

13.

On October 31, 2011, Ms. Horton realized that her certified pay had been taken after receiving her check stub for that month. No prior notice or warning of a pay reduction was given.

14.

Thereafter, Ms. Horton inquired as to the reason for her certified pay being taken and was told that it was taken as a disciplinary measure following her re-assignment to the non-certified position.

COUNT I: GENDER DISCRIMINATION

15.

Deputy Horton re-alleges and incorporates paragraphs 1 through 14 of this Second Amended Complaint as if fully set forth herein.

16.

Defendants, all of which are extensions and/or employees of Hinds County, Mississippi, reduced Deputy Horton's pay following re-assignment of her job duties even though the pay for male counterparts whose job had been re-assigned following disciplinary action was not reduced.

17.

The actions of the Defendants constitute intentional discrimination against Deputy Horton because of her gender with respect to the terms and conditions of her employment with the Defendants in violation of 42 U.S.C. § 2000e and 42 U.S.C. §§ 1981 and 1983.

00006

18.

Deputy Horton has complied with all necessary administrative prerequisites to the filing of this Complaint. *See the Right to Sue Letter attached as Exhibit "A".*

19.

As a result of the foregoing deprivations, Deputy Horton has been receiving less pay and benefits than she would have otherwise be entitled, has suffered anxiety and other emotional distress following her reassignment and reduction of wages and benefits due to her gender, has suffered humiliation and embarrassment as a result of her demotion to a non-certified position, and has suffered other actual, compensatory, consequential, and incidental damages to be proven at trial.

## COUNT II: VIOLATION OF EQUAL PAY ACT

20.

Deputy Horton re-alleges and incorporates paragraphs 1 through 19 of this Second Amended Complaint as if fully set forth herein.

21.

The actions of the Defendants constitute a violation of the Equal Pay Act against Deputy Horton because the wages for male counterparts whose job had been re-assigned following disciplinary action was not reduced.

22.

As a result of the foregoing deprivations, Deputy Horton has been receiving less pay and benefits than she would otherwise be entitled, has suffered anxiety and other emotional distress following her reassignment and reduction of wages and benefits due to her gender, has suffered

-6-

humiliation and embarrassment as a result of her demotion to a non-certified position, and has suffered other actual, compensatory, consequential, and incidental damages to be proven at trial.

## COUNT III: DEFAMATION

### 23.

Deputy Horton re-alleges and incorporates paragraphs 1 through 22 of this Second Amended Complaint as if fully set forth herein.

### 24.

Sgt. Richard Byrd met with Utica Police Chief Tim Myles and Sgt. Byrd told Chief Myles that Deputy Horton had been fighting with Sharon Kelly while on duty.

### 25.

As a proximate and/or direct result of this false statement, Deputy Horton was terminated from her position with the Utica Police Department thereby suffering additional lost wages, further anxiety, emotional distress, and humiliation. Hinds County is vicariously liable for Sgt. Byrd's conduct.

## COUNT IV: VIOLATION OF PRIVACY & HIPAA

### 26.

Deputy Horton re-alleges and incorporates paragraphs 1 through 25 of its Second Amended Complaint as if fully set forth herein.

00008

27.

While on duty at the Sheriff's Department, Deputy Rick Van Egmund faxed and/or caused to be faxed to the Utica PD the medical records to Deputy Horton without her consent, knowledge or authorization.

28.

This action was a direct violation of her privacy rights and was also a direct violation of HIPAA laws. This action is also violative of 42 U.S.C. § 1983. Further, this action caused Deputy Horton further humiliation and emotional distress. Additionally, the Defendants failed to properly supervise and/or monitor the deputies to ensure compliance with federal laws and the Sheriff's Department's policies and procedures for disclosing employee personal information. Consequently, Hinds County is vicariously liable for Deputy Egmund's conduct.

COUNT V: NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.

Deputy Horton re-alleges and incorporates paragraphs 1 through 28 of its Second Amended Complaint as if fully set forth herein.

30.

Defendants, through their course of malicious conduct, caused Deputy Horton to suffer public embarrassment and ridicule and emotional distress and great mental anguish.

31.

The possibility that Ms. Horton may not be able to obtain other employment in law enforcement has caused her to suffer from constant anxiety and general worry.

32.

The Defendants are liable for this negligent and/or intentional infliction of emotional distress.

## COUNT VI: PUNITIVE DAMAGES

33.

Deputy Horton re-alleges and incorporates paragraphs 1 through 32 of its Second Amended Complaint as if fully set forth herein.

34.

The actions of the Defendants were so extreme and outrageous so as to require the imposition of punitive damages against them.

35.

Such an award of punitive damages should be of an amount sufficient to deter similar wrongdoing by others in the future.

## PRAYER FOR RELIEF

WHEREFORE, Throssia Horton prays for a judgment of compensatory and punitive damages against Hinds County, Mississippi, Hinds County Board of Supervisors, Richard Byrd, Rick Van Egmund, and John Does 1-5, jointly and severally, in the amount of $500,000.00 to permanently enjoin the Defendants from engaging in employment and pay discrimination, for defaming her character, for violating her constitutional rights, for damages caused by the privacy and federal violations, for negligent/intentional emotional distress, for punitive damages, and reasonable attorney's fees and costs incurred in the prosecution of this matter.  Deputy Horton

00010

further prays for whatever other relief, be it legal or equitable, that this honorable court deems

appropriate.

RESPECTFULLY SUBMITTED, this the 20th day of September, 2013.

**THROSSIA HORTON**

By:  /s/ Shunda L. Baldwin

*One of Her Attorneys*

OF COUNSEL:

TONEY A. BALDWIN, MSB #102161
SHUNDA L. BALDWIN, MSB #101535
BALDWIN & BALDWIN, PLLC
939 N. Congress Street (39202)
Post Office Box 3199
Jackson, Mississippi 39207
Telephone:  (601) 960-4533
Facsimile:  (601) 960-9097
Email: baldwinlaw@ymail.com

## CERTIFICATE OF SERVICE

I, Shunda L. Baldwin, one of the attorneys for the Plaintiff, Throssia Horton, do hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Michelle T. High, Esq.
> WYATT, TARRANT & COMBS, LLP
> Post Office Box 16089
> Jackson, Mississippi  39236-6089
> > *Counsel for Hinds County Board of Supervisors,*
> > *Richard Byrd, and Rick Van Egmund*

SO CERTIFIED, this the 20th day of September, 2013.

/s/ Shunda L. Baldwin

SHUNDA L. BALDWIN